In re "THE EXORCIST" COPYRIGHT INFRINGEMENT LITIGATION.

No. 239.

Judicial Panel on Multidistrict Litigation.

April 22, 1976.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL *, and ANDREW A. CAFFREY, Judges of the Panel.

PER CURIAM.

This litigation consists of four actions, each pending in a different district: the Central District of California, the Northern District of Illinois, the District of Colorado, and the Eastern District of Louisiana. These actions were instituted by Warner Bros., Inc. and Hoya Productions, Inc., which together allegedly hold the copyrights in the motion picture "The Exorcist" and a related "pressbook" that includes suggested advertisements designed to assist the promotion of the movie. Plaintiffs allege that these copyrights have been and are being infringed by the distribution, exhibition and advertising of an Italian-produced motion picture entitled "Beyond The Door." They also claim that defendants have engaged in unfair trade practices and unfair competition with plaintiffs by distributing and exhibiting "Beyond The Door," and by utilizing posters and advertisements for "Beyond The Door" which allegedly are copies of promotional materials found in plaintiffs' pressbook. Defendants in the California action are Film Ventures International, which apparently is the sole distributor of "Beyond The Door" in the United States, and two exhibitors of this movie. Each of the other three actions was commenced against a different exhibitor of "Beyond The Door." In addition, Highland Productions, Inc., the defendant in the Colorado action, has filed a third-party complaint against Film Ventures for indemnification.

Plaintiffs move the Panel for an order transferring all actions to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Only defendants Film Ventures and Highland oppose transfer. We find that these actions raise common questions of fact and that their transfer to the Central District of California under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

* Judges Robson and Weigel were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

Both defendants opposing transfer concede that these actions share common factual questions concerning the issue of whether "Beyond The Door" has infringed the alleged copyright of "The Exorcist." Nevertheless, defendant Film Ventures argues that transfer is unwarranted because such questions do not predominate over issues unique to each defendant, such as foreseeability of possible copyright infringement, whether local promotional efforts constituted infringement, and damages. Defendant Highland maintains that because resolution of its third-party complaint for indemnification against Film Ventures may be dispositive of any liability by Highland, it is unnecessary for Highland to participate in any coordinated or consolidated proceedings. Discovery relative to the indemnification issue, Highland emphasizes, will focus primarily upon the business relationship between Highland and Film Ventures, which is unrelated to discovery required for the other actions.

We are not persuaded by these arguments. Instead, we believe that the questions of fact common to all actions on the central issue of whether "Beyond The Door" has infringed the copyright of "The Exorcist" necessitate transfer under Section 1407 in order to prevent duplication of discovery, eliminate the possibility of inconsistent pretrial rulings, and conserve judicial effort. Unlike *In re "Truckin" Cartoon Characters Copyright Litigation*, 372 F.Supp. 1400 (J.P.M. L.1974), wherein we denied transfer because the purported copyright holder of a cartoon character was suing more than 30 manufacturers, distributors or retailers of various novelty items that allegedly infringed the copyright, the litigation before us focuses upon a single allegedly infringing motion picture. And regardless of whether defendant Highland prevails on its third-party claim for indemnification, the central issue of infringement will remain to be resolved in the Colorado action. Moreover, the transferee judge has the flexibility to design a pretrial program that will accommo-

date the needs of each party for any unique discovery or judicial attention concurrently with the common pretrial matters and, as a result, the litigation will harmoniously proceed for the overall benefit of the parties, their witnesses and the judiciary. *See In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (J.P.M. L.1974).

Clearly, the Central District of California is the most appropriate transferee forum for this litigation. The action pending there is considerably more advanced than the others. Concomitantly, Judge David W. Williams, to whom the California action is assigned, has become acquainted with the issues involved in these actions and is therefore in the best position to supervise the coordinated or consolidated pretrial proceedings toward their most just and expeditious termination. *See In re Griseofulvin Antitrust Litigation*, 395 F.Supp. 1402, 1403 (J.P.M. L.1975).

IT IS THEREFORE ORDERED ·that the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable David W. Williams for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending there and listed on Schedule A.

### SCHEDULE A
#### Central District of California

Warner Bros. Inc., et al. v. Film Ventures International, et al.     Civil Action

#### Northern District of Illinois

Warner Bros. Inc., et al. v. Plitt Theatres, Inc.     Civil Action No. 75C3816

#### District of Colorado

Warner Bros. Inc., et al. v. Highland Theatres, Inc.     Civil Action No. 75–1195

#### Eastern District of Louisiana

Warner Bros., Inc., et al. v. Gulf States Theatres, Inc.     Civil Action No. 75–3466–Sec. F